UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EYE KEYLA M. CARRUTHERS WASHINGTON a/k/a ANTWAN M. CARRUTHERS,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH P. COTTER, et al.,<br><br>Defendants. | CAUSE NO. 3:22-CV-721-RLM-MGG |

OPINION AND ORDER

Eye Keyla M. Carruthers Washington a/k/a Antwan M. Carruthers, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against Prosecuting Attorney Kenneth P. Cotter and Deputy Prosecuting Attorney Jacob E. Hawkins. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mrs. Washington alleges that, on May 9, 2022, Deputy Prosecuting Attorney Hawkins discriminated against her, defamed her, and violated her rights as a transgender person because he prepared a probable cause affidavit in which he

referred to her using male gender pronouns. She asserts that Deputy Prosecuting Attorney Hawkins prepared the affidavit after disregarding factual evidence, documents, and letters that showed she is a transgender person. Mrs. Washington avers the probable cause affidavit constitutes evidence of a hate crime. She requests that the court order Deputy Prosecuting Attorney Hawkins to correct the affidavit using her female pronouns and pay her ten million dollars in punitive damages for the emotional distress he has caused her. Mrs. Washington also sued Prosecuting Attorney Cotter and the St. Joseph County Prosecutor's Office. *Id.*

Mrs. Washington can't sue these defendants under 42 U.S.C. § 1983. With respect to Prosecuting Attorney Cotter and Deputy Prosecuting Attorney Hawkins, they are immune from suit.[1] "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. Smith v. Power, 346 F.3d 740, 742 (7th Cir. 2003).

It's not entirely clear from her complaint, but Mrs. Washington might also be trying to proceed against the St. Joseph County Prosecutor's Office. The St. Joseph County Prosecutor's Office is an arm of the state and therefore entitled to immunity.[2]

---

[1] Mrs. Washington has already been told she can't sue Deputy Prosecuting Attorney Hawkins. *See* Carruthers v. Prosecutor Attorney, Cause No. 3:22-CV-622-JD-MGG (N.D. Ind. filed Aug. 1, 2022), dismissed Aug. 15, 2022, pursuant to 28 U.S.C. § 1915A for failure to state a claim.

[2] Mrs. Washington has also been told she can't sue the St. Joseph County Prosecutor's Office. *See* Carruthers v. Prosecutor Attorney, Cause No. 3:22-CV-622-JD-MGG (N.D. Ind. filed Aug. 1, 2022), dismissed Aug. 15, 2022, pursuant to 28 U.S.C. § 1915A for failure to state a claim.

*See* Srivastava v. Newman, 12 Fed. Appx. 369 (7th Cir. 2001) (noting that "[a]lthough no Indiana state courts have decided the issue, district courts sitting in Indiana have held that, under Indiana law, prosecutors are state officials when prosecuting criminal cases" and agreeing with the conclusion of the district courts); *see also* Hendricks v. New Albany Police Dep't, No. 4:08-CV-0180-TWP-WGH, 2010 WL 4025633, at *3 (S.D. Ind. Oct. 13, 2010) ("[S]uing the Prosecutor's Office—a state agency—is akin to suing the State of Indiana itself. Thus, the doctrine of sovereign immunity precludes Plaintiff's suit.").

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, this is such a case.

For these reasons, this case is DISMISSSED under 28 U.S.C. § 1915A.

SO ORDERED on September 7, 2022

                                                         s/ Robert L. Miller, Jr.
                                                        JUDGE
                                                        NITED STATES DISTRICT COURT